**TYLAN CORPORATION, Appellant,**

v.

**TEXAS MATERIALS LABORATORIES, INC., Appellee.**

No. 5687.

Court of Civil Appeals of Texas, Waco.

March 17, 1977.

**812**

Arthur G. Schroeder, Jr., Schroeder & Hoffmeyer, Dallas, for appellant.

Kenneth D. Fuller, Garland, Keith W. Marshall, Richardson, for appellee.

## OPINION

McDONALD, Chief Justice.

Plaintiff Tylan Corporation sued defendant Texas Materials Laboratories, Inc., alleging plaintiff through its agent Dozier and defendant through its agent Kerns, in latter February and early March 1973 "entered into negotiations concerning plaintiff's manufacturing one GaAsP Epi Reactor for Defendant; that thereafter on or about March 23, 1973 Defendant submitted to Plaintiff its written purchase order"; that thereafter plaintiff believing some clarification was needed on the terms and conditions of the purchase order, on April 2, 1973 sent defendant its letter setting forth plaintiff's understanding of the matter, and setting a price of $46,000. for the reactor, and providing further that if the reactor did not work the cost to defendant would be $24,000. Plaintiff alleged defendant did not answer such letter or give any notice of its intention to reject the terms therein set out; that plaintiff relying on defendant's failure to object to the terms and conditions set out in such letter began developing and manufacturing the reactor; that thereafter about May 3, 1973 defendant notified plaintiff it would not accept the reactor or pay for it; that plaintiff had spent $5,179. for materials and labor at such time to its damage in such amount, for which it prayed judgment.

Defendant answered by general denial.

Trial was to a jury which answered special issues submitted as follows:

1) Defendant agreed to purchase from plaintiff the reactor in question.
2) Plaintiff and defendant did not agree on a price for the reactor.
3) (Was conditioned on an affirmative answer to issue 2; inquired as to the price agreed on; and was unanswered.)
4) $4272. would fairly compensate plaintiff for its damages.

Both parties moved for judgment. The trial court overruled plaintiff's motion; granted defendant's motion; and rendered judgment plaintiff take nothing.

■ Plaintiff appeals on 2 points, contending: the trial court erred in submitting Issues 2 and 3 because the evidence established conclusively the price of $46,000. was agreed on and/or accepted by defendant; and alternatively there was no evidence to support the negative finding to Issue 2, and such finding was against the overwhelming weight and preponderance of the evidence.

Plaintiff and defendant entered into negotiations for plaintiff to build a GaAsP Epi Reactor for defendant during latter February and early March 1973. On March 23, 1973 defendant sent plaintiff a written purchase order pertinent portions of which follow:

"TEXAS MATERIALS LABORATORIES, INC.

Garland, Texas  75041

Purchase Order
No. 805
March 23, 1973

"[To] Tylan Corporation

Torrance, California   90503

| "Quantity | Description | Price |
|---|---|---|
| 1 | GaAsP Epi Reactor | |
| | A.  Lindberg furnace w/controls & cabinet | |
| | B.  Reactor (quartz, etc.) | |
| | C.  Gas flow system | |
| | A.  Is to be paid for by TML—net 30 | |
| | B.  Split cost agreement | |
| | C.  Is to be furnished by Tylan and will be paid for by TML only after successful operation of reactor system." | |

Plaintiff is an engineering concern which manufactures equipment for the semi conductor industry. This includes the development, fabrication and assembly of a GaAsP Epi Reactor. This reactor was not a stock item, but was to be manufactured, with others including Lindberg Company making certain parts. Lindberg was to make the furnace with controls and cabinet; plaintiff was to build the gas flow system; engineer the design and build the reactor.

On April 2, 1973 plaintiff sent defendant a letter enclosing an "agreement that details [plaintiff's] understanding of the program" and stating "If you concur please sign and return one copy".

The enclosed agreement recited a price of $46,000. for the reactor, provided plaintiff would engineer and fabricate the reactor; and further provided plaintiff and defendant jointly assume the risk of developing a successful reactor, and if the goal is not achieved defendant agrees to pay only $24,-000.

Defendant received the letter and contract, but never signed the contract nor replied to the letter.

On April 27, 1973 defendant's president telephoned plaintiff that defendant "was not going into the particular business the reactor was designed for, and would like to cancel the contract".

Thereafter plaintiff stopped all work on the project.

Plaintiff asserts in its brief the basic question is whether the price to be paid by defendant to plaintiff for the reactor was "conclusively established by positive uncontradicted evidence".

It is established plaintiff intended the price to be charged defendant for the reactor was $46,000. (subject to reduction to $24,000. if it did not work), but there is no evidence that defendant agreed to this. In fact when defendant did not respond to plaintiff's letter of April 2, 1973 or sign the tendered written contract, this is some evidence defendant did not agree with its terms including price to be charged.

We think the evidence raised the question submitted in Issues 2 and 3; that there is ample evidence to support the answer to Issue 2; and that such answer is not against the overwhelming weight and preponderance of the evidence.

Plaintiff's points are overruled.

AFFIRMED.